**[IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE Karen Sampson | ) | Case No. |
| | ) | |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| MRS BPO, LLC | ) | |
| 1930 Olney Ave. | ) | |
| Cherry Hill, NJ 08003 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through her attorneys, and, for his Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Karen Sampson, brings this action to secure redress from unlawful collection practices engaged in by Defendant, MRS BPO, LLC. Plaintiff alleges the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA") was violated.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, and conduct which harasses or abuses any debtor, and any unfair or unconscionable means to collect a debt. 15 U.S.C. Section 1692d, 1692f

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

4. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## **PARTIES**

5. Plaintiff, Karen Sampson (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

6. Plaintiff is a resident of the State of Illinois

7. Defendant, MRS BPO, LLC. ("Defendant"), is an Illinois business entity with an address of MRS BPO, LLC, 1930 Olney Drive, Cherry Hill, NJ 08003 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

8. Unless otherwise stated herein, the term "Defendant" shall refer to MRS BPO, LLC.

9. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## **ALLEGATIONS**

10. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $7,940.66 (the "Debt") to an original creditor (the "Creditor")

11. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.

12. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).

13. In a collection letter by Defendant, received on or about March 2, 2015, Defendant placed Plaintiff's collection account number on the outside of the envelope for the public to observe who views the envelope. See Exhibit A.

14. Approximately one month before the above described collection letter was sent out, Defendant sent a collection letter to Plaintiff that did not include the Plaintiff's account number on the envelope. See Exhibit B.

## VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.

15. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The Defendant's conduct violated 15 U.S.C. Section 1692f in that Defendants used unfair and unconscionable means to collect a debt.

17. The Defendant's conduct violated 15 U.S.C. Section 1692d in that it engaged in conduct likely to oppress, harass or abuse in connection with the collection of a debt.

18. Plaintiff is entitled to damages as a result of Defendant's violations.

### JURY DEMAND

19. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

20. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages;

(2) Attorney fees, litigation expenses and costs of suit; and

(3) Such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Chang & Carlin, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@changandcarlin.com
Attorney for Plaintiff