# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Karen Sampson | ) | Case No. |
| | ) | |
| Plaintiff | ) | 15-CV-02258 |
| | ) | |
| v. | ) | Judge Milton Shadur |
| | ) | |
| MRS BPO, INC. | ) | |
| | ) | |
| Defendant | ) | |

## MOTION TO ALTER THE JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e) AND REMOVE THE ORDER TO SHOW CAUSE

The Plaintiff, Karen Sampson, by and through her undersigned counsel, respectfully moves this Honorable Court for entry of an order pursuant to Federal Rule of Civil Procedure Rule 59 Amending the Order given by this Honorable Court on March 17, 2015. Plaintiff also responds to the Order to Show Cause.

1. On March 16, 2015 Plaintiff filed a Complaint against Defendant, MRS BPO, INC. under the Fair Debt Collection Practices Act (hereinafter "FDCPA").

2. On March 17, 2015, this Honorable Court Dismissed the action under Federal Rule of Civil Procedure 12(f).

3. The reasoning of the Dismissal was that there is no basis for claiming that MRS BPO, INC's placing the Plaintiff's Account Number on the outside of the envelope falls within the scope of the FDCPA.

4. In fact the Third Circuit Court of Appeals has held that placing the Plaintiff's account number on a dunning envelope, for the general public to see, is a

violation of the FDCPA under 11 U.S.C. Section 1692f(8). *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir 2014); See Exhibit A.

5. In that case, the Third Circuit Court of Appeals held that "the disclosure of a consumer's account number on the face of a debt collector's envelope violates § 1692f(8) of the Fair Debt Collection Practices Act." *Id.*

6. That Court stated "[H]ere, Convergent's disclosure implicates a core concern animating the FDCPA-the invasion of privacy. *Id. at 303*.

7. Furthermore, said Court stated "[t]he account number is a core piece of information pertaining to Douglass's status as a debtor and Convergent's debt collection effort. Disclosed to the public, it could be used to expose her financial predicament. Because Convergent's disclosure implicates core privacy concerns, it cannot be deemed benign." *Id. at 303*.

8. The *Douglas* Opinion was issued on August 28, 2014. In the approximately six months between then and the filing of this Complaint, there has been no criticism of this Opinion by any other Court.

9. Plaintiff's Counsel believes by relying on *Douglass v. Convergent Outsourcing*, this action complied with Federal Rule of Civil Procedure 11(b).

10. Moreover, Sampson's Counsel has filed two other FDCPA actions based on the account number exposed on the envelope and neither Judge has Dismissed the actions via Sua Sponte Order. See Exhibit B and C.

11. The conflict between this Opinion and that of the Third Circuit has been noted in a press release by ACA International, the collection industry trade

association (Exhibit D) and other articles in trade association publications (Exhibit E).

12. Plaintiff's Counsel believes this action is based on good legal cause and asks this Court to Amend its Judgment to Vacate the Dismissal and have the claim be decided on its merits.

Plaintiff respectfully requests that this Honorable Court Alter its Judgment issued on March 17, 2015, Vacate the Dismissal and find no cause for Sanctions under Federal Rule of Civil Procedure 11(b).

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Chang & Carlin, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@changandcarlin.com
Attorney for Plaintiff